IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV99-02-V
(5:07CR8-1-V)

| | |
|---|---|
| **JAMES MATTHEW PARSONS,** ) | |
|     **Petitioner,** ) | |
| ) | |
|     **v.** ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before this Court upon Petitioner's Motion to Consider an Appeal, filed June 15, 2009 (Case No. 5:05CR8-1-V, document # 135) which, pursuant to Petitioner's request,[1] will be considered as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  After having carefully reviewed that pleading, the record of Petitioner's criminal case, and the relevant legal precedent, the Court concludes -- out of an abundance of caution -- that Petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him timely to pursue a direct appeal of his underlying criminal case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this motion, the record reflects that on March 28, 2007, a Superceding Indictment was filed charging Petitioner

---

[1] By his pleading captioned as a Motion to Construe Current Pleading as a Section 2255 Motion, August 12, 2009, Petitioner asked that his Motion to Consider an Appeal be treated as a motion under 28 U.S.C.§ 2255.

with several federal offenses, including conspiracy to possess with intent to distribute five kilograms or more of powder cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One); and charging him with using and carrying one or more firearms during and in relation to his drug trafficking crimes, in violation of 18 U.S.C. § 924(c) (Count Five). (Case No. 5:07CR8-1, document # 56).

On December 17, 2007, Petitioner entered into a written Plea Agreement wherein he agreed to plead guilty to Counts One and Five. (Case No. 5:05CR8-1-V, document # 56). Under the terms of that Agreement, the parties also stipulated to Petitioner's involvement with in excess of 1.5 kilo-grams of crack, and to the application of a base offense level of 36. Petitioner further waived his rights to challenge his conviction and sentence either directly or collaterally, except on claims of ineffective assistance of counsel, prosecutorial misconduct or unanticipated matters which arose at sentencing.

On January 4, 2008, Petitioner appeared before the Court for his Plea and Rule 11 Hearing during which he tendered his guilty pleas to the conspiracy and firearms charges. (Case No. 5:07CR8-1-V, document # 18: Entry and Acceptance of Guilty Plea (Rule 11 Proceeding) form).

On April 23, 2008, the U.S. Probation Office filed a Pre-Sentence Report recommending that Petitioner be subject to a

three-level managerial enhancement for his role in the offense; that he be sentenced as a career offender; that his Offense Level be set at 36 and his Criminal History Category be set at IV; and that his total sentencing range be set at 384 to 465 months imprisonment. (Case No. 5:07CR8-1-V, document # 86). Petitioner filed multiple objections to the information in that Report. However, on July 31, 2008, the Government filed a Motion for Downward Departure asking the Court to reduce Petitioner's Offense Level to 33, and to sentence him to a total of 300 months imprisonment. (Case No. 5:07CR8-1-V, document # 101).

On August 5, 2008, Petitioner appeared before the Court for his Factual Basis and Sentencing Hearing. During that proceeding, the Court determined that Petitioner was subject to enhanced sentencing as a career offender under U.S. Sentencing Guidelines § 4B1.1. Nevertheless, the Court granted the Government's Motion for a Downward Departure, but reduced Petitioner's Offense Level down to Level 30. Ultimately, the Court sentenced Petitioner to 210 months on Count One, to a consecutive 60-month term on Count Five, for a total of 270 months imprisonment. (Case No. 5:07CR8-1-V, document # 106). No appeal was filed in this case.

Rather, on June 15, 2009, Petitioner filed a document captioned as a Motion to Consider an Appeal, complaining that although he objected to the managerial enhancement and advised counsel that he wanted to appeal, his attorney failed to comply

3

with his directive. (Case No. 5:07CR8-1-V, document # 136). However, recognizing that Petitioner's complaints sounded in habeas, on July 22, 2009, the Court entered an Order advising Petitioner of the consequences of having his Motion re-characterized as a motion to vacate under 28 U.S.C. § 2255, and giving him 20-days to inform the Court of how he wanted to proceed. (Case No. 5:07CR8-1-V, document # 138). To that end, on August 12, 2009, Petitioner filed a document captioned as a Motion to Construe Current Pleading as a Section 2255 Motion asking the Court to allow him to proceed with his claim against his attorney. (Case No. 5:07CR8-1-V, document # 139). Consequently, on August 19, 2009, the undersigned entered an Order granting Petitioner's request and directing the Clerk to open the instant civil action under § 2255. (Case No. 5:07CR8-1-V, document # 140). The Clerk of Court then filed Petitioner's Motion to Consider an Appeal as a motion to vacate under civil number 5:09CV99, document # 1.

## II. **ANALYSIS**

At the outset of its analysis, this Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs, sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceed-

ings that a petitioner is not entitled to relief, a court must dismiss the motion.

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel -- irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

More recently, in United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007), the Fourth Circuit reaffirmed its holding from Peak, there agreeing with a petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." In fact, the Poindexter Court stated that counsel's conduct would be prejudicial under those circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal. 492 F.3d at 273. Essentially, the Court observed that while in cases such as the instant one, the petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," that is a statutory right which simply cannot be

taken away from him. Id. See also Rodriquez v. United States, 395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).

In the instant case, Petitioner expressly has alleged that he directed his attorney to file an appeal but counsel failed to comply with his directive. Under these circumstances, counsel's failure to honor Petitioner's instruction that she file an appeal for Petitioner violates the principles announced in Peak and reaffirmed in its progeny, Poindexter. Thus, even if the Government were to file a response containing an affidavit wherein Petitioner's former attorney merely denies this allegation, the relevant legal precedent all but requires this Court to grant Petitioner's Motion to Vacate as to that limited issue in order to allow him to proceed with a direct appeal.

Accordingly, in light of the instant record the Court finds, out of an abundance of caution, that it should grant Petitioner's Motion, but only for the purpose of allowing him to file a direct appeal. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Therefore, the Court will vacate its Judgment and enter a new, identical Judgment so that Petitioner may appeal his conviction and/or sentence.

### III.  **NOTICE OF APPELLATE RIGHTS**

Mr. Parsons, you hereby are advised that you have an abso-

lute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court. Upon your request, the Clerk can assist you in preparing your Notice of Appeal.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without having to pay the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one. Notwithstanding whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

## IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That Petitioner's <u>de facto</u> motion to vacate is **GRANTED**, but only for the purpose of allowing Petitioner timely to appeal his case;

2. That Petitioner's original Judgment is **VACATED** due to counsel's failure to honor Petitioner's request for an appeal;

3. That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as imposed in the original

Judgment;

4. That Petitioner may appeal from his new Judgment as has been explained in this Order;

5. That if counsel for the Government is aware that former defense counsel has in her possession a document which affirmatively establishes that Petitioner advised counsel that he did <u>not</u> want an appeal, such as a signed waiver, counsel for the Government may present such evidence to the Court by way of an appropriate request for reconsideration; and

6. That the Clerk shall send copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: October 19, 2009

Richard L. Voorhees
United States District Judge